UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT SUGENT,

        Plaintiff,

vs.

        Case No. 05-CV-74655
        HON. GEORGE CARAM STEEH

NORMAN Y. MINETA, in
Official Capacity as Secretary of the
Department of Transportation,

        Defendant.

_____/

ORDER DISMISSING DECEMBER 13, 2005 SHOW CAUSE ORDER (#2)

Plaintiff Vincent Sugent, appearing pro per, filed a complaint on December 8, 2005 alleging Secretary of the Department of Transportation Norman Mineta has failed since January 19, 2005 to remedy mold problems within the FAA Air Traffic Control Tower at the Detroit Metropolitan Airport, causing plaintiff to endure "an incessant series of minor illnesses requiring constant medical attention."  Plaintiff alleges such conduct violates the Fourteenth Amendment, and Public Law 91-596, as amended by Public Law 101-552. Plaintiff alleges he has "exhausted all avenues of administrative relief available to individual citizens," and seeks out-of-pocket expenses, general, compensatory, punitive and liquidated damages, attorney's fees and costs, and litigation expenses.  The court issued a December 13, 2005 Order requiring plaintiff to show cause on or before December 13, 2005 why his claims should not be dismissed for failure to allege a waiver of sovereign immunity, failure to allege more than a conclusionary denial of a constitutional right,

generally alleging an exhaustion of administrative remedies, and referencing 5 U.S.C. § 571 et seq.. Plaintiff filed a timely response to the Show Cause Order on December 22, 2005.

At the outset, plaintiff misconstrues the Show Cause Order to the extent plaintiff asserts that defendant improperly asks plaintiff to produce evidence to support his claims. The court, not defendant, required plaintiff to show cause why his claims should not be dismissed as a matter of law. See Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). The Show Cause Order did not require plaintiff to proffer evidence to support his claims.

The court did require plaintiff to show cause why his claims should not be dismissed for a failure to allege a waiver of sovereign immunity. Plaintiff's complaint invokes Public Law 101-552. Public Law 101-552 is titled "Administrative Dispute Resolution Act," and as noted by the court, amended 5 U.S.C. § 571 et seq., authorizing governmental agencies to use alternate means of dispute resolution in the administrative process. Plaintiff's allegation that he exhausted administrative remedies is clarified in his response to the Show Cause Order, in which plaintiff argues he has unsuccessfully sought relief using "verbal communications with representatives of the Defendant" and from "Members of the United States Congress, to no avail." Plaintiff has not shown that he has ever filed a *formal administrative claim* with any governmental agency, let alone exhausted the administrative process for pursuing a formal administrative claim.

Nonetheless, Public Law 101-552 also amended the Federal Torts Claims Act ("FTCA") at 28 U.S.C. § 2672, authorizing the administrative adjustment of claims. The FTCA provides a waiver of sovereign immunity to certain tort claims. See generally 28 U.S.C. § 1346. Given a possibility that defendant has waived sovereign immunity with

respect to plaintiff's alleged tort claims, the court finds cause exists as to why plaintiff's claims should not be summarily dismissed based on sovereign immunity. The court makes clear, however, that it remains to be developed whether defendant has waived sovereign immunity under the FTCA with respect to plaintiff's claims; the court simply finds at this early juncture that cause exists for finding that plaintiff's tort claims are not subject to dismissal as attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. Apple, 183 F.3d at 479. The court makes no assessment of the continuing viability of plaintiff's Fourteenth Amendment claim.[1]

Cause exists as to why plaintiff's claims should not be sua sponte dismissed. Accordingly, the court's December 13, 2005 Show Cause Order is hereby DISMISSED pending further legal development.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on January 23, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

---

[1] Plaintiff's claim does not invoke 42 U.S.C. § 1983.