UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT SUGENT,

    Plaintiff,

vs.

    Case No. 05-CV-74655
    HON. GEORGE CARAM STEEH

NORMAN Y. MINETA, in
Official Capacity as Secretary of the
Department of Transportation,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER

Plaintiff Vincent Sugent, appearing pro se, filed a complaint on December 8, 2005 alleging Secretary of the Department of Transportation Norman Mineta has failed since January 19, 2005 to remedy mold problems within the FAA Air Traffic Control Tower at the Detroit Metropolitan Airport, causing plaintiff to endure "an incessant series of minor illnesses requiring constant medical attention."

On January 20, 2006, plaintiff filed a motion for an ex parte temporary restraining order ("TRO"). Federal Rule of Civil Procedure 65(b) expressly provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. . . . .

Plaintiff has not certified to the court in writing any efforts he has made to give defendant notice of his motion for injunctive relief, nor has plaintiff offered any reasons that notice should not be required. Neither has plaintiff made it clearly appear from specific facts

shown by affidavit or in his complaint that he will suffer immediate and irreparable injury before defendant's opposition can be heard.  No affidavits are attached to plaintiff's motion for a TRO.  Plaintiff has failed to demonstrate he is entitled to the extraordinary relief of an ex parte TRO[1].  See  Fed. R. Civ. P. 65(b).

Still further, federal district courts commonly balance four factors in deciding whether a TRO is warranted: (1) whether the party seeking the injunction has shown a substantial likelihood of success on the merits of his claims; (2) whether the party seeking the injunction will suffer irreparable harm absent the injunction; (3) whether an injunction will cause others to suffer substantial harm; and (4) whether the public interest would be served by the preliminary injunction.  Memphis Planned Parenthood, Inc. v. Sundquist, 175 F.3d 456, 460 (6th Cir.1999); Southern Milk Sales, Inc. v. Martin, 924 F.2d 98, 103 n. 3 (6th Cir.1991).   Plaintiff has failed to address each of these specific factors.  Accordingly,

Plaintiff's motion for an ex parte TRO is hereby DENIED.

SO ORDERED.

                              s/George Caram Steeh  
                              GEORGE CARAM STEEH  
                              UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on January 23, 2006, by electronic and/or ordinary mail.

                              s/Josephine Chaffee  
                              Secretary/Deputy Clerk

---

[1] The Sixth Circuit Court of Appeals instructs: "While a pro se party is entitled to have [his] pleadings construed liberally, [he] will not be relieved of the responsibility to comply with the basic rules of court. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel")[.]"  Brown v. L.E. Woodard, No. 95-5792, 1998 WL 211785, **1 (6th Cir. April 23, 1998).