UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT M. SUGENT,

        Plaintiff,

vs.

Case No. 05-CV-74655
HON. GEORGE CARAM STEEH

NORMAN Y. MINETA,
in his Official Capacity as
Secretary of the Department
of Transportation,

        Defendant.

_____/

<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (#12)
AND DENYING PLAINTIFF'S MOTION FOR A TRO (#14) AS MOOT</u>

Defendant Norman Mineta, in his official capacity as the Secretary of the Department of Transportation, moves to dismiss plaintiff Vincent Sugent's <u>pro se</u> claims that defendant is liable for failing to properly remedy mold problems within the FAA Air Traffic Control Tower at the Detroit Metropolitan Airport, in violation of the Fourteenth Amendment, and Public Law 91-596 as amended by Public Law 101-552.  Plaintiff seeks damages arising from "an incessant series of minor illnesses requiring constant medial attention" as well as litigation expenses.  Oral argument would not significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.  For the reasons set forth below, defendant's motion to dismiss will be GRANTED, and plaintiff's subsequent motion for a temporary restraining order ("TRO") will be DENIED as MOOT.

**I. Background**

Sugent filed his complaint on December 8, 2005. On December 13, 2005, Sugent was ordered to show cause why his claims shouldn't be dismissed as frivolous. Plaintiff filed a timely response, and the show cause order was dismissed on January 23, 2006. In a separate January 23, 2006 Order, the court denied Sugent's first motion for a TRO. Defendant filed the instant motion to dismiss on February 22, 2006, with Sugent filing his "reply" to the motion on March 24, 2006. Sugent filed a second motion for a TRO on May 10, 2006.

**II. Analysis**

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Where subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction exists. Kinsey v. Kinsey, 98 F.Supp.2d 834, 835 (N.D. Ohio 2000) (quoting RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir.1996)). "The court has wide discretion to consider materials outside the complaint in assessing the validity of its jurisdiction." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990).

Sugent does not dispute defendant's proffered attestations of Air Traffic Manager Joseph Figliuolo that Sugent is a federal employee, and that Sugent filed a federal workers' compensation claim on May 25, 2005 listing the cause of his compensable injuries as "exposure to black mold." Figliuolo Declaration, ¶¶ 6-8, 10-11. 5 U.S.C. § 8116(c) of the Federal Employees' Compensation Act ("FECA") provides in relevant part:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee <u>is exclusive and instead of all other liability of the United States</u> or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. . . . .

(emphasis added).  The FECA "was designed to protect the Government from suits under statutes such as the Federal Torts Claims Act, that had been enacted to waive the Government's sovereign immunity."  <u>Lockheed Aircraft Corp. v. United States</u>, 460 U.S. 190, 193-94 (1983). Section 8116(c) was adopted as part of the compromise commonly found in state workers' compensation statutes: "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in turn they lose the right to sue the Government." <u>Id</u>. at 194.  The remedies available under the FECA are exclusive as to all other remedies with respect to a federal employee's injury, and "once an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court."  <u>Jones v. Tennessee Valley Authority</u>, 948 F.2d 258, 265 (6th Cir. 1991) (citing <u>Turner v. Tennessee Valley Authority</u>, 859 F.2d 412, 413 (6th Cir. 1988) and <u>DeFord v. Secretary of Labor</u>, 700 F.2d 281, 291 (6th Cir. 1983)).

Sugent has failed to meet his burden of proving the court enjoys subject matter jurisdiction over his claims seeking damages for injuries he allegedly sustained from being exposed to black mold as a federal employee.  <u>Kinsey</u>, 98 F.Supp.2d at 835 (quoting <u>RMI Titanium</u>, 78 F.3d at 1134).  Sugent's exclusive remedy, if any, is available under the FECA.  5 U.S.C. § 8116(c).  The FECA protects defendant Mineta, acting in his official capacity, from lawsuits such as this which must otherwise plead a waiver of sovereign

3

immunity under the Federal Torts Claims Act ("FTCA").  <u>Lockheed</u>, 460 U.S. at 193-94.

Sugent's reliance on <u>RHI Holdings, Inc. v. United States</u>, 142 F.3d 1459 (Fed.Cir. 1998) and its recognition that 28 U.S.C. § 1491 creates jurisdiction in the Federal Court of Claims over claims for money damages not sounding in tort is misplaced; Sugent's claims are tort claims filed in federal district court.  <u>See</u>  <u>RMI Titanium</u>, 78 F.3d at 1461, 1461 n.2. Sugent's argument that this court already determined in dismissing its show cause order that defendant waived sovereign immunity under the FTCA misconstrues the court's January 23, 2006 Order.  The court instead found cause existed for not <u>sua sponte</u> dismissing Sugent's claims due to "a possibility that defendant has waived sovereign immunity with respect to plaintiff's alleged tort claims[.]" January 23, 2006 Order, at 2-3. In moving for dismissal, defendant has shown that possibility no longer exists because Sugent's injury falls within the coverage and exclusive remedy provisions of the FECA. <u>Jones</u>, 948 F.2d at 265.  Sugent's assertion that he is pursuing his claims as a citizen of the United States as opposed to a federal employee is unavailing.

The exclusive remedy provisions of the FTCA likewise bar Sugent's Fourteenth Amendment claim.  <u>See</u> <u>Jones</u>, 948 F.2d at 265 (holding that exclusive administrative remedies available to federal employee barred 42 U.S.C. § 1985(1) claim).  Even if the FTCA did not bar Sugent's due process claim, the court lacks jurisdiction of the claim under the ripeness doctrine consistent with the undisputed evidence that Sugent is currently pursuing a workers' compensation claim under the FTCA.  <u>See</u> <u>Bigelow v. Michigan Dept. of Natural Resources</u>, 970 F.3d 154, 157 (6th Cir. 1992) (recognizing that continuing pursuit of available remedy makes procedural due process claim unripe for review and deprives court of jurisdiction for lack of requisite case or controversy, an issue that may be raised

by the court sua sponte).

The court lacks jurisdiction over Sugent's claims. The court declines to address the merits of Sugent's claims in the absence of federal subject matter jurisdiction, with one exception. Alternatively, even if the FTCA does not bar Sugent's Fourteenth Amendment claim and the claim could be construed as ripe for review, the claim is subject to dismissal under Rule 12(b)(6) as a conclusory claim. See Meizibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Accordingly,

Defendant's motion to dismiss is hereby GRANTED. Sugent's second motion for a TRO is hereby DENIED as MOOT. Sugent's claims are hereby DISMISSED in their entirety.

SO ORDERED.

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

Dated: May 19, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 19, 2006, by electronic and/or ordinary mail.

                                      s/Josephine Chaffee
                                      Secretary/Deputy Clerk